IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

HECTOR ALVAREZ,                )
                               )
         Petitioner,           )
                               )
v.                             )         1:15-cv-00115-LSC-TMP
                               )
CYNTHIA STEWART,               )
*Warden*, *et al.*,            )
                               )
         Respondents.          )

## MEMORANDUM OF OPINION

On August 1, 2016, the magistrate judge filed his Report and Recommendation in the above-styled cause, recommending that this petition for *habeas corpus* relief filed pursuant to 28 U.S.C. § 2254 be dismissed with prejudice. On August 23, 2016, the petitioner filed a Motion to Amend the *habeas* petition and to stay the recommendation pending consideration of the amendment.[1] (Doc. 15). The petitioner filed his objections to the Report and Recommendation on September 1, 2016. (Doc. 18). In both the petitioner's Motion to Amend and objections, he argues that, despite the line of Eleventh Circuit cases holding that a Rule 32 petition dismissed by the state court for failure to plead with specificity has been decided on

---

[1] The motion hereby is DENIED.

the merits, and therefore is outside the read of Martinez, the court should rely on the equitable spirit of Martinez to grant relief to the petitioner.

The problem with the petitioner's request is that it asks the court to simply ignore binding Eleventh Circuit precedent stating that the state court's ruling on the petitioner's Rule 32 petition was a decision "on the merits." See Boyd v. Commissioner, Alabama Department of Corrections, 697 F.3d 1320, 1331 (11th Cir. 2012), citing Borden v. Allen, 646 F.3d 785 (11th Cir. 2011); Powell v. Allen, 602 F.3d 1263 (11th Cir. 2010). The petitioner further asks that the court ignore the clear and explicit language in Martinez that attaches the exception set forth therein *only* to instances of procedural default. Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309, 1315, 182 L. Ed. 2d 272 (2012) ("Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's *procedural default* of a claim of ineffective assistance at trial.") (emphasis added). The Court declines to do so. As noted by the magistrate judge, it is not for this court to overrule the Eleventh Circuit or the Supreme Court by awarding equitable relief that is foreclosed by binding precedent.

The magistrate judge entered a well-reasoned and thorough report and recommendation. However, with respect to the magistrate judge's recommendation

that this Court grant a certificate of appealability pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, for the petitioner to appeal the following question:

> Do the holdings in Powell v. Allen, 602 F.3d 1263, 1272–73 (11th Cir. 2010) ("The Rule 32 court, affirmed by the state appellate court, found that [petitioner] failed to plead facts on which an ineffective assistance claim could be based and, for that reason, denied [petitioner's] claim and request for an evidentiary hearing. We thus review the Rule 32 court's rejection of [petitioner's] claim as a holding on the merits."); Borden v. Allen, 646 F.3d 785, 812 (11th Cir. 2011) ("A ruling by an Alabama court under Rule 32.6(b) is ... a ruling on the merits."); and Boyd v. Commissioner, Alabama Department of Corrections, 697 F.3d 1320, 1331 (11th Cir. 2012), preclude application in this case of the equitable rule in Martinez v. Ryan, ____ U.S. ____, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), under which the procedural default of a claim of ineffective assistance of trial counsel is excused if the default was the result of ineffective assistance by collateral counsel, because, under Powell, Borden, and Boyd, the last state appellate court to review the claim of ineffective assistance of *trial* counsel found that it was not pleaded with sufficient factual specificity by *collateral* counsel even though such facts were readily available to collateral counsel?

the Court does not agree. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," Slack v. McDaniel, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further."

Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations omitted).  This Court finds the petitioner's claims do not satisfy either standard. As such, a certificate of appealability will not be issued.

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the objections to the report and recommendation, this Court finds that the magistrate judge's report is not due to be adopted and accepted on the certificate of appealability issue. In all other respects, the Magistrate Judge's report and recommendation is due to be adopted and accepted.

Consequently, the petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 in the above-styled cause is due to be DISMISSED WITH PREJUDICE.  An order of final judgment will be entered contemporaneously herewith.

Done this 13th day of September 2016.

L. Scott Coogler
United States District Judge
[160704]